# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL LOPEZ,<br><br>    Petitioner,<br><br>  v.<br><br>KATHY ALLISON, Warden,<br><br>    Respondent. | 1:11-cv-01781-LJO-JLT HC<br><br>ORDER DENYING PETITIONER'S MOTION<br>FOR RULING (Doc. 19) |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner filed the instant petition on October 26, 2011. (Doc. 1). On November 2, 2011, the Court ordered Respondent to file a response to the petition. (Doc. 5). On December 23, 2011, the Court granted Respondent's first request for a thirty-day extension of time to file the response, resulting in a deadline of February 3, 2012. (Doc. 15). On February 3, 2012, Respondent electronically filed a motion to dismiss the petition. (Doc. 18). On February 13, 2012, Petitioner filed the instant motion, contending that as of February 7, 2012, he had not received any response from Respondent and therefore the Court should grant the petition. (Doc. 19). In essence, Petitioner contends that he is entitled to habeas relief because Respondent did not comply with the court imposed deadline to submit a response to the merits of Petitioner's claims.

    The Court categorically rejects Petitioner's contention on both the facts and the law.

First, the Court's own docket clearly establishes that Respondent timely filed an electronic version of the response on the due date, i.e., February 3, 2012.  Second, even if the response had been untimely, the Court has no authority to grant the petition based on Respondent's failure to comply with a Court-ordered deadline.  28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2243 provides that "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.  The burden to show that he is in custody in violation of the Constitution of the United States is on Petitioner.  *The failure of government officials to file a timely response does not relieve him of his burden of proof.*  Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.1990); see also Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994) (respondent's failure to timely respond to petition does not entitle petitioner to default).

## ORDER

Accordingly, the Court HEREBY ORDERS that Petitioner's motion for ruling on the petition (Doc. 19), is DENIED.

IT IS SO ORDERED.

Dated:   **February 14, 2012**              /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE