1

2

3

4

5

6

7

8                 UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 RAFAEL LOPEZ,                 )   1:11-cv-01781-LJO-JLT HC
                               )

12              Petitioner,   )   FINDINGS AND RECOMMENDATION RE:
                               )   RESPONDENT'S MOTION TO DISMISS

13     v.                    )   THE PETITION (Doc. 18)
                               )

14                                )   ORDER DIRECTING OBJECTIONS TO BE
KATHY ALLISON, Warden,     )   FILED WITHIN TWENTY DAYS

15                                )
             Respondent.   )

16 _____)

17

18                      **PROCEDURAL HISTORY**

19       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20 pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on

21 October 20, 2011.[1]   On November 2, 2011, the Court ordered Respondent to file a response to the

22

23         [1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court

24 clerk.   Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).   The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his."   Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.   The

25 Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.   Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, vacated and remanded on

26 other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest

27 possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.   Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition,

28 the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the

petition.  (Doc. 5).  On February 3, 2012, Respondent filed the instant motion to dismiss, contending

that the petition is untimely and must therefore be dismissed.  (Doc. 18).  To date, Petitioner has not

filed an opposition to the motion to dismiss.

## DISCUSSION

### A.  Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside

the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules

Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from

the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer

if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court

should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C.

2244(d)(1)'s one year limitation period.  Because Respondent's Motion to Dismiss is similar in

procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state

procedural default and Respondent has not yet filed a formal Answer, the Court will review

Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

### B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

---

running of the statute of limitation.  Petitioner signed the instant petition under penalty of perjury on October 20, 2011.  (Doc. 1, p. 9).

2

1    corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

2    (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586

3    (1997).  The instant petition was filed on October 20,  2011, and thus, it is subject to the provisions

4    of the AEDPA.

5         The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

6    petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

7    reads:

8         (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
          corpus by a person in custody pursuant to the judgment of a State court.  The
9         limitation period shall run from the latest of –

10             (A) the date on which the judgment became final by the conclusion of direct
           review or the expiration of the time for seeking such review;
11

12             (B) the date on which the impediment to filing an application created by
           State action in violation of the Constitution or laws of the United States is removed, if
13         the applicant was prevented from filing by such State action;

14             (C) the date on which the constitutional right asserted was initially recognized by
           the Supreme Court, if the right has been newly recognized by the Supreme Court and made
15         retroactively applicable to cases on collateral review; or

16             (D) the date on which the factual predicate of the claim or claims presented
           could have been discovered through the exercise of due diligence.

17             (2) The time during which a properly filed application for State post-conviction or
           other collateral review with respect to the pertinent judgment or claim is pending shall
18         not be counted toward any period of limitation under this subsection.

19   28 U.S.C. § 2244(d).

20             In most cases, the limitations period begins running on the date that the petitioner's direct

21   review became final. In a situation such as this, where the petitioner is challenging a prison

22   disciplinary action, the Ninth Circuit has held that direct review is concluded and the statute of

23   limitations commences when the final administrative appeal is denied.  Redd v. McGrath, 343 F.3d

24   1077, 1079 (9th Cir. 2003)(holding that the Board of Prison Term's denial of an inmate's

25   administrative appeal was the "factual predicate" of the inmate's claim that triggered the

26   commencement of the limitations period); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th cir.

27   2004)(holding that the statute of limitation does not begin to run until a petitioner's administrative

28   appeal has been denied).

3

1    Here, Petitioner challenges the results of a prison disciplinary hearing held on March 17,

2    2009, finding that Petitioner had committed a serious rules violation by possessing an inmate

3    manufactured weapon.  (Doc. 18, Ex. 1).  Petitioner was sanctioned with, inter alia, a 360-day

4    forfeiture of conduct credits.  (Id.).  Petitioner filed an administrative appeal that resulted in an

5    adverse decision at the director's level on October 5, 2009.  (Id., Ex. 3).  On October 3, 2010,

6    Petitioner filed a state habeas corpus petition in the Riverside County Superior Court that was denied

7    on October 10, 2010.  (Id., Exs. 4 & 5).  On October 28, 2010, Petitioner filed a petition in the

8    California Court of Appeal, which denied his petition on December 9, 2010.  (Id., Ex. 6).  On April

9    12, 2011, Petitioner filed a petition in the California Supreme Court, which was denied on October

10   12, 2011.  (Id., Ex. 7).

11   Applying the aforementioned legal principles, Petitioner's limitations period commenced on

12   October 6, 2009, the day after Petitioner was informed that his director's level administrative appeal

13   had been denied, since this was the earliest date on which Petitioner could have discovered the

14   factual basis for his claim.  28 U.S.C. § 2244(d)(1)(D).   Under 28 U.S.C. § 2244(d)(1)(D), Petitioner

15   had one year from October 6, 2009, or until October 5, 2010, absent applicable tolling, within which

16   to file his federal petition for writ of habeas corpus. As mentioned, Petitioner did not file his federal

17   petition until October 20, 2011, over a year *after* the limitations period had expired.  Thus, absent any

18   applicable tolling, the petition is untimely and must be dismissed.

19   C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

20   Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

21   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

22   § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

23   governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

24   U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

25   petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

26   delay in the intervals between a lower court decision and the filing of a petition in a higher court.

27   Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

28   by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

4

1   omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

2   536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

3   (9th Cir. 1999).

4          Nevertheless, there are circumstances and periods of time when no statutory tolling is

5   allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

6   appeal and the filing of an application for post-conviction or other collateral review in state court,

7   because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007;

8   Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is

9   allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.

10   In addition, the limitation period is not tolled during the time that a federal habeas petition is

11   pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v.

12   Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a

13   petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing

14   a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d)

15   does not permit the reinitiation of the limitations period that has ended before the state petition was

16   filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to

17   continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer,

18   447 F.3d 1165, 1166 (9th Cir. 2006).

19          Here, the documents submitted by Respondent in conjunction with the instant motion to

20   dismiss establish that Petitioner filed the following state habeas petitions: (1) filed in the Superior

21   Court of Riverside County on October 3, 2010, and denied on October 10, 2010;[2] (2) filed in the

22   California Court of Appeal on October 28, 2010, and denied on December 9, 2010; and (3) filed in

23   the California Supreme Court on April 12, 2011, and denied on October 12, 2011.

24          Respondent contends that, while a petitioner is normally entitled to "interval" tolling for the

25   period of time between the denial of a lower court petition and the filing of a petition at the next

26   court level, Petitioner is not entitled to interval tolling for the period between the denial of his Court

27

28          [2]In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and
time begins to run on the day after the judgment becomes final.  See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001)
(Citing Rule 6 of the Federal Rules of Civil Procedure).

1  of Appeal petition and the filing of the petition in the California Supreme Court because of the undue

2  delay of 124 days.  The Court agrees.

3         Assuming, without deciding, that both of the first two state petitions were "properly filed"

4  within the meaning of the AEDPA, and thus entitled to statutory tolling, Petitioner had already

5  allowed 362 days of his 365-day period to expire prior to filing his first state petition, thus leaving

6  Petitioner only 3 days remaining on his one-year period.  After his petition was denied in the

7  California Court of Appeal, Petitioner allowed another 124 days to expire before filing his petition in

8  the California Supreme Court.  The Court agrees with Petitioner that this lengthy delay deprives

9  Petitioner of any right to statutory tolling for the interval between the denial of his Court of Appeal

10  petition and the filing of his final petition in the California Supreme Court.

11        In reviewing habeas petitions originating from California, the Ninth Circuit formerly

12  employed a rule that where the California courts did not explicitly dismiss for lack of timeliness, the

13  petition was presumed timely and was deemed "pending."  In Evans v. Chavis, 549 U.S.189 (2006),

14  the Supreme Court rejected this approach, requiring instead that the lower federal courts determine

15  whether a state habeas petition was filed within a reasonable period of time.  549 U.S. at 198 ("That

16  is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the

17  federal court must decide whether the filing of the request for state court appellate review (in state

18  collateral review proceedings) was made within what California would consider a 'reasonable

19  time.'").  However, "'[w]hen a post-conviction petition is untimely under state law, that [is] the end

20  of the matter for purposes of § 2244(d)(2).'"  Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir.

21  2005)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)).  See also Carey v. Saffold, 536 U.S.

22  at 226.

23        Therefore, under the analysis mandated by the Supreme Court's decisions in Pace and Evans,

24  this Court must first determine whether the state court denied Petitioner's habeas application(s) as

25  untimely.  If so, that is the end of the matter for purposes of statutory tolling because the petition was

26  then never properly filed and Petitioner would not be entitled to any period of tolling under §

27  2242(d)(2), either for the pendency of the petition itself or for the interval between that petition and

28  the denial of the previous petition.  Bonner, 425 F.3d at 1148-1149.

1      However, if the state court did not expressly deny the habeas petition(s) as untimely, this

2   Court is charged with the duty of independently determining whether Petitioner's request for state

3   court collateral review were filed within what California would consider a "reasonable time." Evans,

4   546 U.S. at 198.  If so, then the state petition was properly filed and Petitioner is entitled to interval

5   tolling.[3]

6      In Evans, the Supreme Court found that a six-month delay was unreasonable. Id. The

7   Supreme Court, recognizing that California did not have strict time deadlines for the filing of a

8   habeas petition at the next appellate level, nevertheless indicated that most states provide for a

9   shorter period of 30 to 60 days within which to timely file a petition at the next appellate level.

10   Evans, 546 U.S. at 201.  After Evans, however, it was left to the federal district courts in California

11   to carry out the Supreme Court's mandate of determining, in appropriate cases, whether the

12   petitioners' delays in filing state petitions were reasonable.  Understandably, given the uncertain

13   scope of California's "reasonable time" standard, the cases have not been entirely consistent.

14   However, among the Ninth Circuit as well as the various federal district courts in California, a

15   consensus has emerged that any delay of sixty days or less is per se reasonable, but that any delay

16   "substantially" longer than sixty days is not reasonable.  Compare Velasquez v. Kirkland, 2011 WL

17   1758718, *3 (May 10, 2011 9th Cir.)(delays of 81 and 91 days unreasonable); Chaffer v. Prosper, 592

18   F.3d 1046, 1048 (9th Cir. 2010)(delays of 115 and 101 days unreasonable); Banjo v. Ayers, 614 F.3d

19   964, 970 (9th Cir. 2010)(delay of 146 days unreasonable); Bennett v. Felker, 635 F. Supp. 2d 1122,

20   1126-1127 (C.D. Cal. 2009)(93 days unreasonable); Culver v. Director of Corrections, 450

21   F.Supp.2d 1135, 1140-1141 (C.D. Cal. 2006)(delays of 97 and 71 days unreasonable); Forrister v.

22   Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007)(88 day delay unreasonable); Hunt v. Felker,

23   2008 WL 364995 (E.D. Cal. 2008)(70 day delay unreasonable); Swain v. Small, 2009 WL 111573

24   (C.D.Cal. Jan. 12, 2009)(89 day delay unreasonable); Livermore v. Watson, 556 F.Supp. 2d 1112,

25   1117 (E.D.Cal. 2008)(78 day delay unreasonable; Bridges v. Runnels, 2007 WL 2695177 *2

26   (E.D.Cal. Sept. 11, 2007)(76 day delay unreasonable), with Reddick v. Felker, 2008 WL 4754812 *3

27

28      [3]Neither the Ninth Circuit nor the United States Supreme Court has addressed whether a delay in filing may deprive a petitioner of statutory tolling for the pendency of an otherwise properly filed state petition itself when the state court does not expressly indicate that the petition was untimely. Presently, Evans only affects entitlement to interval tolling.

7

1  (E.D.Cal. Oct. 29, 2008)(64 day delay not "substantially" greater than sixty days); Payne v. Davis,

2  2008 WL 941969 *4 (N.D.Cal. Mar. 31, 2008 (63-day delay "well within the 'reasonable' delay of

3  thirty to sixty days in Evans").

4      Moreover, even when the delay "significantly" exceeds sixty days, some courts have found

5  the delay reasonable when the subsequent petition is substantially rewritten.  E.g., Osumi v.

6  Giurbino, 445 F.Supp 2d 1152, 1158-1159 (C.D.Cal. 2006)(3 month delay not unreasonable given

7  lengthy appellate briefs and petitioner's substantial re-writing of habeas petition following denial by

8  superior court); Stowers v. Evans, 2006 WL 829140 (E.D.Cal. 2006)(87-day delay not unreasonable

9  because second petition was substantially re-written); Warburton v. Walker, 548 F.Supp.2d 835, 840

10  (C.D. Cal. 2008)(69-day delay reasonable because petitioner amended petition before filing in Court

11  of Appeal).

12      Here, as discussed above, Petitioner waited 124 days, or over four months, after the denial of

13  his second petition in the California Court of Appeal on December 9, 2010, and the filing of his final

14  petition in the California Supreme Court on April 12, 2011.  This 124 day delay is well outside the

15  range of what district courts, the Ninth Circuit, and the United States Supreme Court have

16  considered reasonable for California inmates.  Evans, 546 U.S. at 198.  Thus, Petitioner is not

17  entitled to interval tolling from December 10, 2010 until April 12, 2011.  Since Petitioner had only

18  three days remaining on his one-year period when he filed his second petition, since he is not entitled

19  to statutory "interval" tolling after that second petition was denied, the one-year period would have

20  re-commenced on December 10, 2011, and expired three days later, i.e., on December 13, 2010.[4]

21      Petitioner would not then be entitled to any further tolling for the filing of his final state

22  petition on April 12, 2011, since the one-year period had already expired.  A petitioner is not entitled

23  to tolling where the limitations period has already run prior to filing a state habeas petition.  Green v.

24  White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);  see

25  Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820

26

27      [4]It is worth noting that, even were Petitioner entitled to statutory "interval" tolling for the period between the second
   and third petitions, the instant petition would still be untimely because, after his final state petition was denied on October

28  12, 2011, Petitioner waited another eight days to file his federal petition.  Since he only had three days remaining on his one-
   year period, which re-commenced on October 13, 2011, the one-year period would have expired on October 15, 2011 and
   the instant petition would have been untimely in any event.

1   (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has

2   ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999)

3   (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year

4   limitations period).

5       Thus, unless Petitioner is entitled to equitable tolling sufficient to account for the time

6   between December 13, 2010, and the filing of the instant petition on October 20, 2011, the petition

7   must be dismissed as untimely.[5]

8       D.  Equitable Tolling

9       The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to

10  equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561

11  (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation

12  period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control

13  make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090

14  (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external forces, rather than a

15  petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the

16  statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

17  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1)

18  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

19  his way."   Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807

20  (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the

21  exceptions swallow the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation

22  omitted).  As a consequence, "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at

23  1107.

24      Here, Petitioner has made no express or implied claim of entitlement to equitable tolling.

25  Indeed, Petitioner has not filed any opposition to the instant motion to dismiss nor has he addressed

26

27  [5]Although Respondent argues that Petitioner is not entitled to statutory tolling for the first two petitions because he
    waited 362 days before filing his first state petition, the Court is unaware of any Ninth Circuit precedent applying the above

28  analysis relating to delayed filings to the period between the commencement of the one-year period and the filing of the first
    state petition.  However, since it is clear that the one-year period expired no later than December 12, 2010, and that the
    petition is obviously untimely, the Court need not address this issue.

Respondent's contentions regarding timeliness in any way.  Accordingly, the Court concludes that Petitioner is not entitled to equitable tolling.  Thus, the petition is untimely and should be dismissed.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 29, 2012**                                 **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE